# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| JUSTIN BUNKER, | |
| Plaintiff, | No. C13-2020-LRR |
| vs. | **ORDER** |
| UNNAMED, | |
| Defendant. | |

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on March 12, 2012. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983 (docket no. 1-1).

Based on the plaintiff's application and certificate of inmate account (docket no. 1), it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deems it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the

six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly account balance, the court finds that the initial partial filing fee is $31.00. *Id*. The plaintiff shall submit $31.00 by no later than May 22, 2013. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

In addition, a review of the complaint indicates that, although the plaintiff alluded to some individuals in the "statement of claim" section, the plaintiff did not name a particular defendant. The plaintiff must inform the court who he desires to sue. If he does not know the specific identity of a defendant, he should attempt to convey as much information about the entity or individual that caused harm to him. So, the plaintiff shall

2

submit to the court an additional statement that names each defendant and, if the name of a particular defendant is unknown, a description by which the defendant can be identified with a reasonable amount of certainty. Such statement must be filed by no later than May 22, 2013. If the plaintiff fails to file a statement by May 22, 2013, this action will be dismissed. If necessary, the plaintiff may request in a written motion an extension of time to file his additional statement. The court shall reserve ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[1]

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

2) The clerk's office is directed to file the complaint (docket no. 1-1) without the prepayment of the filing fee.

3) The plaintiff is directed to submit an initial partial filing fee of $31.00 by no later than May 22, 2013. The clerk's office is directed to dismiss without prejudice this action, unless either the initial partial filing fee of $31.00 is received by May 22, 2013 or the court grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to

---

[1] Before proceeding with his action, the plaintiff should consider that administrative remedies must be exhausted prior to commencing an action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal is required when an inmate has not administratively exhausted before filing a lawsuit in district court).

forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

6) Consistent with the foregoing, the plaintiff is directed to file by no later than May 22, 2013 an additional statement. Unless the plaintiff files a statement by May 22, 2013 or the court grants an enlargement of time to file a statement, the clerk's office is directed to dismiss without prejudice this action. The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**DATED** this 24th day of April, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
       **Black Hawk County Jail, Waterloo, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Justin Bunker, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Bunker v. Unnamed*, Case No. C13-2023-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $31.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $31.00, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*KJorgensen*
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa